SUGAR WORKERS UNION, LOCAL 180, PLAINTIFF *v.* RAYMOND J. DONOVAN, SECRETARY OF LABOR, U.S. DEPARTMENT OF LABOR, DEFENDANT

Court No. 83-3-00346

Before RE, *Chief Judge.*

(December 28, 1984)

*Caballero, Govea, Matcham & McCarthy (Anna M. Caballero* on the motion) for the plaintiff.
*Richard K. Willard,* Acting Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch (*A. David Lafer* on the motion), for the defendant.

RE, *Chief Judge:* In this action, plaintiff seeks judicial review of the Secretary of Labor's determination denying certification of eligibility for trade adjustment assistance benefits for its members who were employed at Factory #1 of the Spreckels Sugar Division of Amstar Corporation. 48 Fed. Reg. 357 (1983).

Plaintiff has moved to amend the administrative record. It contends that, in connection with its application for reconsideration, certain information submitted to the Secretary was omitted from the certified record filed with the court. Specifically, plaintiff alleges that its President, Robert L. Frazier, attached to plaintiff's application for administrative reconsideration excerpts from the September 1980 and December 1981 Sweetner and Sugar Report (Sweetner Report) published by the United States Department of Agriculture. After the granting of the application for reconsideration, Mr. Frazier, on November 24, 1982, submitted additional materials in support of plaintiff's petition for certification which included: (1) material taken from "testimony given on the General Farm Bill of 1981" before the United States House of Representative' Committee on Agriculture, Subcommittee on Cotton, Rice, and Sugar; and (2) a copy of the President's determination pertaining to sugar imports from the European Economic Community, under section 301 of the Trade Act of 1974.

Defendant opposes plaintiff's motion on the ground that plaintiff, in effect, is attempting to supplement the administrative record with material sent to the Secretary after the granting of plaintiff's application for reconsideration. In opposing the motion, defendant has submitted an affidavit from Marion Fooks, Director of the Office of Trade Adjustment Assistance, which states that the files of the Department of Labor do not contain Mr. Frazier's November 24, 1982 submission, or any indication that the Department received it. Thus, defendant concludes that, since the submission was not a part of the record on which the Secretary based his denial of certification, the record may not be amended to include the proffered information. The defendant maintains that to include that information would contravene 28 U.S.C. § 2640(c), the statute governing judicial review in trade adjustment assistance cases, as well as prior case law.

Subsequent to the filing of plaintiff's motion, defendant supplied the court with the Sweetner Report which defendant maintains was "inadvertently omitted" from the certified administrative record. In view of defendant's filing of the Sweetner Report, plaintiff's motion, insofar as it pertains to that report, is denied as moot.

The court must, nevertheless, consider plaintiff's request to add to the record in this case, the Frazier submission of November 24, 1982.

28 U.S.C. § 2640(c) empowers this Court to review a challenge to the Secretary of Labor's denial of certification of eligibility for

trade adjustment assistance benefits in accordance with section 284 of the Trade Act of 1974. Section 284, in pertinent part, provides:

> "(a) such Secretary shall promptly certify and file * * * the record on which he based such [final] determination.
>
> "(b) The findings of fact by the Secretary of Labor * * * if supported by substantial evidence shall be conclusive; but the court, for good cause shown, may remand the case to such Secretary to take further evidence * * *.
>
> "(c) * * *."

19 U.S.C. § 2395 (1982).

In *Abbott* v. *Donovan,* 3 CIT 54 (1982), this Court considered the question of the scope of review in trade adjustment assistance actions. There, plaintiff sought to supplement the record by adding decisions of a state unemployment appeals referee made subsequent to the Secretary's certification determination. The court, after examining the plain language of section 284, found that judicial review may only be had on the basis of "the record made before the administrative agency, viz, the Department of Labor." 3 CIT at 55. Thus, it concluded that the evidence offered, *i.e.*, the referee's decisions, was "patently outside the record prescribed in section 284 * * *, and beyond the scope of review contemplated by 28 U.S.C. § 2640(c)." *Id.*

*Abbott* teaches that the governing statutes contemplate a scheme of judicial review which is based on the record before the decision maker. While the facts of this case are distinguishable from those in *Abbott,* in that here plaintiff seeks to add information allegedly submitted to the Secretary prior to his determination, the applicable principle is the same. Therefore, since the administrative record did not include the Frazier submission of November 24, 1984, the court will not permit the record to be amended or supplemented as requested by plaintiff.

In view of the foregoing, plaintiff's motion to amend the administrative record is denied. However, as in *Abbott,* the court, pursuant to section 284(b), orders that this action be remanded to the Secretary of Labor for administrative reconsideration in light of plaintiff's offer of new evidence. Accordingly, it is hereby

ORDERED that plaintiff's motion to amend the record is denied; and it is further

ORDERED that this action is remanded to the Secretary of Labor for the purpose of allowing plaintiff to offer the Frazier submission on November 24, 1982, so as to permit the Secretary to reconsider the denial of certification in light of plaintiff's new evidence; and it is further

ORDERED that the Secretary shall report the results of his reconsideration to the court by February 28, 1985, and it is further

ORDERED that if, upon reconsideration, the Secretary affirms the denial of certification, then plaintiff shall file, by March 31, 1985, a

motion for judgment upon the agency record pursuant to Rule 56.1 of the amended rules of this Court, effective January 1, 1985.